**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>**LABAR TSETHLIKAI**,<br><br>Defendant. | Case No. 24-539-DHU |

**UNITED STATES' RESPONSE TO**
**DEFENDANT'S MOTION FOR BILL OF PARTICULARS**

The United States hereby responds to the Defendant's Motion for Bill of Particulars (Doc. 186) as follows.

## INTRODUCTION

The Defendant is charged via a third superseding indictment [Doc. 178] with a string of murders, kidnappings, robberies, sexual assaults, and physical assaults, in both Indian Country and the Albuquerque Metropolitan Area, all of which span from October 2022 to April 2024. The *Third Superseding Indictment* describes eleven different victims, all of whom were indigent, homeless, addicted to controlled substances, or all of the above. The facts for each case are similar, with each victim being abducted, stripped naked, sexually and/or physically assaulted, robbed, abandoned, and, in some instances, murdered.

The Defendant is acutely aware of granular facts and circumstances underpinning each count of the Indictment. To date, he has received somewhere north of 56,000 discovery files, to include law enforcement reports, photographs, spreadsheets, and approximately 150 media files (body cam video, surveillance video, recorded interviews, etc.). This discovery, which painstakingly documents each crime captured in the indictment, consumes approximately 175 gigabytes of space. On top of all of that, the Defendant is in receipt of a 55-page Informative

Outline [Doc. 138] in which the Government figuratively provided a guided tour of the evidence in this case. Indeed, the Defendant's counsel acknowledged in open court that the outline was "detailed," which explains why no motion was filed asking for more. For all of these reasons, the Defendant cannot (and does not) claim to be hamstrung in a factual vacuum. He is not. To the contrary, he is as aware of the facts of this case as the prosecutors and agents.

Despite that, the Defendant complains that the indictment does not "identify[] the particular manner, means, timing, purpose, or statutory theory the government intends to prove" that, according to him, "leaves him to guess about the government's theories of guilt and jurisdiction." Doc. 186; p.2. To make that specious claim more palatable, the Defendant begins his motion by acknowledging that he does not seek "witnesses, exhibits, evidentiary detail, or a preview of trial strategy." *Id*. But make no mistake—what he does demand is equally as unavailing. Having all the facts, the Defendant now, through this motion, is asking for nothing short of a guidebook that will apprise them the legal theories the United States intends to employ. However, "[a] bill of particulars may not be used to compel the Government to disclose evidentiary details or 'to explain the legal theories upon which it intends to rely at trial.'" *United States v. Gabriel*, 715 F.2d 1447, 1449 (10th Cir. 1983) (quoting *United States v. Burgin*, 621 F.2d 1352, 1359 (5th Cir. 1980)). Thus, Defendant's motion should be summarily denied.

## ARGUMENT

### I. Law Regarding Indictments and Bills of Particulars

The Federal Rules of Criminal Procedure "were designed to eliminate technicalities in criminal pleadings and are to be construed to secure simplicity in procedure." *United States v. Resendiz-Ponce*, 549 U.S. 102, 110 (2007) (quoting *United States v. Debrow*, 346 U.S. 374, 376 (1953)). Towards this end, the Rules instruct that an indictment "must be a plain, concise, and

definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. ("Rule") 7(c)(1). "Under Tenth Circuit precedent, an indictment is considered sufficient "if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense." *United States v. Barrett*, 496 F.3d 1079, 1092 (10th Cir. 2007) (quoting *United States v. Todd*, 446 F.3d 1062, 1067 (10th Cir. 2006)). "Where the indictment quotes the language of a statute and includes the date, place, and nature of illegal activity, it 'need not go further and allege 'in detail the factual proof that will be relied upon to support the charges.'" *United States v. Mobley*, 971 F.3d 1187, 1196 (10th Cir. 2020) (quoting *United States v. Dunn,* 841 F.2d 1026, 1029 (10th Cir. 1988)).

If an indictment is lacking – that is, if it does not provide fair notice of the charges or enable the defendant to assert a double jeopardy defense – Rule 7(f) empowers District Courts to direct the United States to file a bill or particulars. *See United States v. Levine*, 983 F.2d 165, 167 (10th Cir. 1992) ("A bill of particulars is not necessary if the indictment sets forth the elements of the offense charged and sufficiently apprise[s] the defendant of the charges to enable him to prepare for trial.") (quotation omitted); *see also United States v. Zaso*, No. 22-CR-74-LJV, 2024 2024 WL 1932685, at *2 (W.D.N.Y. May 2, 2024) ("[a] bill of particulars is required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused."). However, "[a] bill of particulars . . . is not a discovery device." *Dunn*, 841 F.2d at 1029. To that end, "[a] bill of particulars may not be used to compel the Government to disclose evidentiary details or 'to explain the legal theories upon which it intends to rely at trial.'" *Gabriel*, 715 F.2d at 1449 (quoting *Burgin,* 621 F.2d at 1359; *see also United States v. Batista,* 2009 WL 910357, *9 (E.D.N.Y. 2009) ("[T]he applicable standard for whether

a bill of particulars should issue is not whether the information sought would be helpful to the defense, but whether it is necessary."). "Nor, given that a bill of particulars confines the Government's proof to particulars furnished, should a motion for a bill of particulars be granted where the consequence would be to restrict unduly the Government's ability to present its case, or permit the defendant to tailor her testimony to explain away the Government's case." *United States v. Henry*, 861 F. Supp. 1190, 1197 (S.D.N.Y. 1994); *see also United States v. Bellomo*, 263 F. Supp. 2d 561, 580 (E.D.N.Y. 2003) ("A bill of particulars is not designed to: obtain the government's evidence; restrict the government's evidence prior to trial; assist the defendant's investigation; obtain the precise way in which the government intends to prove its case; interpret its evidence for the defendant, or disclose its legal theory.").

This test reflects the principle that a bill of particulars is not a discovery device; the defendant is "not entitled to notice of all of the evidence the government intends to produce." *United States v. Ivy*, 83 F.3d 1266, 1281 (10th Cir. 1996). In this vein, courts "must examine the totality of the information available to the defendant, including the indictment and general pre-trial discovery, and determine whether, in light of the charges that the defendant is required to answer, the filing of a bill of particulars is warranted." *United States v. Wey*, No. 15-CR-611 (AJN), 2017 WL 237651, at *18 (S.D.N.Y. Jan. 18, 2017). For example, bills of particulars may be warranted in document-heavy conspiracy cases involving charges of fraudulent conduct where the government has not identified the particular fraudulent transactions it seeks to prove. *See United States v. Bortnovsky*, 820 F.2d 572, 574-75 (2nd Cir. 1987) (bills of particulars were necessary where the burden of proof was "impermissibly . . . shifted" to defendants because "defense counsel . . . were left unguided as to which documents would be proven falsified"); *United States v. Savin*, No. 00-CR-45, 2001 U.S. Dist. LEXIS 2445, at *3 (S.D.N.Y. 2001) (bill

of particulars required where government had produced over 100,000 pages of documents, but had not identified the fraudulent transactions with which defendant was charged). Critically, however, "[s]ubstantial discovery alone . . . does not warrant a bill of particulars, nor is one necessary where the indictment adequately details defendants' allegedly fraudulent conduct." *United States v. Clarkson Auto Elec., Inc.*, No. 10-CR-6111G, 2014 WL 3906324, at *3 (W.D.N.Y. Aug. 8, 2014).

This case, while incredibly serious, does not involve a complex, widespread, and convoluted conspiracy of the sort that a bill of particulars is designed to untangle. It is one man with one *modus operandi*: target drunk, vulnerable, and unsuspecting men for sexual abuse. This case is therefore more aptly compared to the case against Robert Bowers, where the defendant, another lone actor, planned and executed a biased-motivated mass shooting in 2018 at a synagogue. In *Bowers*, the defense team moved for a bill of particulars. *See United States v. Bowers*, Case No. 18-cr-292, Docket No. 152 (W.D. Pa. Dec. 12, 2019). The *Bowers* Court summarily denied the defense motion. *Id.* at Docket No. 200 ("In light of the applicable standards, the [g]overnment's filings are sufficient. . . . The Motion is DENIED.").

Appeals courts "review the denial of a motion for a bill of particulars for an abuse of discretion." *United States v. Ivy*, 83 F.3d 1266, 1281 (10th Cir. 1996). As such, a trial court's denial "will not be disturbed unless defendant shows 'that he was 'actually surprised at trial and thereby incurred prejudice to his substantial rights.'" *Levine*, 983 F.2d at 166 (quoting *Dunn*, 841 F.2d at 1029). The Defendant holds the burden to show that a bill of particulars is warranted. *See, e.g.*, *United States v. Anderson*, 31 F. Supp. 2d 933, 938 (D. Kan. 1998); *United States v. Santiago-Mesinas*, 2019 WL 176829, at *3 (D. Colo. 2019); *United States v. Huerta-Rosas*, 2009 WL 10695129, at *1 (D. Wyo. 2009); *United States v. Smalls*, 2008 WL 11362041, at *3

(D.N.M. 2008).

## II. Defendants' Request Is Improper and Should Be Denied

Here, there is no question or challenge that the third superseding indictment sets forth the elements of the offense for each count. The indictment likewise provides the requisite notice. Each of the 17 counts provides the date, location, and target of the Defendant's conduct. These allegations, accordingly, clearly alert the Defendant to what he has done, who he has done it to, when he did it, all of which operates to afford him Constitutionally sufficient notice.

To this, the Defendant drills down to the Government's theory of the case—he demands the precise manner and means by which he committed each kidnapping; a timeline identifying when each kidnapping began, to include a legal analysis of when any purported voluntary encounter morphed into a criminal act; the purpose or benefit he sought with each kidnapping; the jurisdictional theory giving rise to federal jurisdiction; and a parsing of the facts for each set of crimes involving the same victim. Doc. 186. Taken together, it is not hyperbole to suggest that the Defendant's motion is a veiled demand for an advance copy of the Government's closing argument.

With regard to the manner and means that the Government intends to rely upon to support the kidnapping charge, the Defendant's motion is effectively demanding that the Government choose at this juncture which of the statutorily-available methods of kidnapping it intends to pursue. By doing this under the guise of a bill of particulars, the Defendant ignores that "requiring the government to charge only one means of establishing an element when multiple means are statutorily available would conflict with the well-established rule that 'where an indictment charges in the conjunctive several means of violating a statute, a conviction may be obtained on proof of only one of the means.'" *United States v. Coleman*, 149 F.4th 1, 18 (1st

Cir. 2025). For that precise reason, the First Circuit held that "to the extent [the defendant] argues that he could not prepare a defense because the government had not settled on a theory of how the kidnapping occurred, we find that argument unpersuasive considering our holding that it was permissible for the government to charge alternative elements in the conjunctive." *Id*. at 20; *see also United States v. Rittweger*, 259 F. Supp. 2d 275, 291 (S.D.N.Y. 2003) ("The Government may not be compelled to provide a bill of particulars disclosing the manner in which it will attempt to prove the charges, the precise manner in which the defendants committed the crimes charged, or a preview of the Government's evidence or legal theories.").

The Defendant's demand that the United States pinpoint "when each kidnapping began" is not a remedy available to him through a bill of particulars. *See, e.g.*, *Gabriel*, 715 F.2d at 1449 ("a bill of particulars may not be used to compel the Government to disclose evidentiary details or 'to explain the legal theories upon which it intends to rely at trial.'"). Indeed, the moment a kidnapping began is quintessentially a legal theory that is outside the bounds of a bill of particulars. For example, in *United States v. Boone*, 959 F.2d 1550, 1556 (11th Cir. 1992), the Eleventh Circuit held that "[w]here an inveiglement occurs and force is held in reserve only because the kidnapper's deception is operating successfully, an unlawful interference with the actions of another has occurred—whether or not that person is aware of the interference—such that a kidnapping and holding has occurred under the statute." *See also United States v. Hoog*, 504 F.2d 45 (8th Cir. 1974) (holding that inducing someone with false promises supports a kidnapping charge). In other words, the moment a kidnapping occurs is part and parcel of the Government's theory of the case, which cannot be probed via a bill of particulars.

The same holds true for the "purpose or benefit" for which the defendant committed his kidnappings. No serious argument can be made that a bill of particulars is an appropriate

mechanism to compel the United States to disclose its theory; nevertheless, the Defendant's demand for this information is revealing. He knows – just as the Court knows – that the United States' theory is that the Defendant is a serial sexual abuser who lured intoxicated, vulnerable men into his truck, took them to out-of-the way areas, and either sexually assaulted them or attempted to do so. Indeed, the preamble to virtually every pleading the Government has filed before this Court sets that theory out in plain, concise, and repetitive detail. The theory is not one that requires complex unraveling, and the details of each of those encounters are meticulously detailed in the voluminous discovery provided to the Defendant. For him to claim now that he must "guess about the government's theories of guilt" is, to be charitable, puzzling. This could *only* be true if he has not read a page of discovery and has ignored every pleading filed by the United States.

Equally as puzzling is the Defendant's demand for bill of particulars with regard to the jurisdictional basis for each kidnapping count. The third superseding indictment itself answers that question: Counts 1, 15, 16, and 17 are kidnapping counts for which federal jurisdiction arises because the defendant used means, facilities, and instrumentalities of interstate commerce to commit the offenses. The indictment identifies each specific means, facility, and instrumentality the defendant used in each respective count. Doc. 178. Counts 4, 5, 6, 9, 11, 13, and 14, on the other hand, rely upon the Major Crimes Act, 18 U.S.C. § 1153, as a source of federal jurisdiction, which applies in cases in which the Defendant is an "Indian" and commits a specified crime in "Indian Country." Again, the indictment provides ample notice to the Defendant of the jurisdictional basis for each of those counts.

**CONCLUSION**

The motion before this Court is a gambit. Through a bill of particulars, the Defendant aspires to smoke out the Government's theories, lock in the manner in means in connection to each kidnapping charge, and otherwise restrict the evidence available for use at trial. *See, e.g.*, Doc. 186, p. 4 ("[The Defendant] asks the Court to require the government to commit to the manner and means of the broadly pleaded offenses."). Courts have admonished that a bill of particulars should not be manipulated in this way because they are "not designed to: obtain the government's evidence; restrict the government's evidence prior to trial; assist the defendant's investigation; obtain the precise way in which the government intends to prove its case; interpret its evidence for the defendant, or disclose its legal theory." *Wey*, 2017 WL 237651, at *17. Perhaps for this reason, the First Circuit noted long ago that bills of particulars are rarely used in modern prosecutions. *United States v. Sepulveda*, 15 F.3d 1161, 1192 (1st Cir. 1993). "When pursued, they need be granted only if the accused, in the absence of a more detailed specification, will be disabled from preparing a defense, caught by unfair surprise at trial, or hampered in seeking the shelter of the Double Jeopardy Clause." *Id*. at 1192-93. That aside, it is well established that the government is not obligated to disclose the theory under which it will proceed." *United States v. Shetty*, No. 2:23-cr-00084-TL, 2025 LX 401218, at *4 (W.D. Wash. Oct. 14, 2025). The entire purpose of the Defendant's bill of particulars is to flesh out the United States' theories; therefore the Court should summarily deny the motion.

Respectfully Submitted

TODD BLANCHE
Attorney General

RYAN ELLISON
First Assistant United States Attorney

*/s/ Jack Burkhead*
Jack E. Burkhead
Zachary Jones
Assistant United States Attorneys
201 3rd St. NW, Suite 900
Albuquerque, New Mexico 87102
(505) 346-7274

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification to defense counsel of record on this date.

*/s/ Jack Burkhead*
Jack Burkhead
Assistant United States Attorney